UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DAVID E. ROGERS, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-364 |
| | ) | *Judge Curtis L. Collier* |
| ASSISTANT DISTRICT PUBLIC DEFENDER | ) | |
| BLAKE F. MURCHISON, and JUDGE | ) | |
| REBECCA STERN, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM

Plaintiff David E. Rogers ("Plaintiff") filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about the handling of his case in the Criminal Court of Hamilton County (Court File No. 2). Plaintiff requests that the Court investigate the handling of his state criminal case and grant him a new trial or dismiss his charges and award him compensation.

Considering the facts alleged in the complaint and the applicable law, for the following reasons, the complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief may be granted (Court File No. 2).

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Since Plaintiff is a prisoner at the Hamilton County Jail in Chattanooga, TN, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). Plaintiff's

motion to proceed *in forma pauperis* is **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee but **DENIED** to the extent the filing fee will not be waived. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, is **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail in Chattanooga, Tennessee, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate

trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

## II.     STANDARD OF REVIEW

### A.     *Pro Se* Pleadings

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id.* at 555. Nevertheless, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for

3

dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

      **B.**     **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A**

This Court has an ongoing responsibility under the Prison Litigation Reform Act, 28 U.S.C. § § 1915 (e)(2) and 1915(A), to review Plaintiff's action and dismiss the action or any portion of the action which fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Title 28 U.S.C. §§ 1915(e)(2) and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608.

**III.**    **FACTS**

Plaintiff's complaint is very sparse and lacks factual support. Specifically, Plaintiff claims that Assistant District Public Defender Blake F. Murchison rendered ineffective assistance of counsel. In addition, Plaintiff claims State Court Criminal Judge Rebecca Stern violated his rights, made threats in court, and attempted to coerce him to sign away his legal rights on May 10, 2011 (Court File No. 2).

**IV.**    **42 U.S.C. § 1983 CLAIM**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of

4

a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied,* 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while acting under color of law. *See Brock,* 94 F.3d at 244.

    **A.**    ***Heck v. Humphrey***

At the outset the Court notes Plaintiff's case is barred by the favorable termination rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court of the United States held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

The rule in *Heck* covers any prisoner claim that would necessarily require Plaintiff to prove the unlawfulness of his conviction or confinement. *Id.* In this case, all of Plaintiff's claims arise from his state criminal conviction and sentence. Plaintiff claims counsel was ineffective and Judge

5

Stern violated his rights and essentially coerced him into pleading guilty. Thus Plaintiff challenges his guilty plea and requests new representation, a trial, dismissal of the charges, and compensation (Court File No. 2). Plaintiff's successful challenge of the voluntariness of his guilty plea would imply the invalidity of his underlying criminal conviction. Plaintiff has not demonstrated his conviction and sentence have been favorably terminated. Therefore, because Plaintiff now seeks relief from a conviction and sentence that have not been overturned, the complaint appears to be subject to dismissal as barred by *Heck*.

In sum, all of the relief sought by Plaintiff is barred by the *Heck v. Humphrey* favorable termination rule as to Plaintiff's civil rights claims since he effectively requests to be released from prison. *See Hampton v. Marion*, 98 Fed. Appx. 410, 412 (6th Cir. 2004) (*Heck* favorable termination rule applied where federal prisoner brought federal civil rights complaint alleging federal prosecutors and officers coerced his guilty plea); *see also Salas v. Pierce,* 297 Fed. Appx. 874, 876 (11th Cir. 2008) (claim that Assistant District Attorney and counsel conspired to coerce guilty plea was *Heck* barred). Even if the complaint is not barred by *Heck,* it is subject to dismissal on other grounds, as explained below.

### B. Court Appointed Attorney Does Not Act Under Color of Law

Plaintiff complains about Public Defender Murchison's representation of him in his criminal case in the Criminal Court in Chattanooga, Tennessee. A court-appointed attorney, like any retained counsel, serves his client. Apparently Plaintiff is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge in state court is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether

appointed or retained, whether in state court or federal court, is not acting under color of law. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a Bivens-type action); *United States ex rel. Simmons v. Ziblich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *also see Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe*, 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker*, 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Attorney Murchison is a public defender, thus, this rule is applicable and Attorney Murchison is not suable in a § 1983 action because a public defender, despite the fact he has been appointed by the court, does not act under color of state law for purposes of § 1983. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding," *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact he is appointed by the State, he is the State's adversary and not acting on the State's behalf. Thus, Attorney Murchison was not transformed into a state official acting under color of state law for purposes of § 1983 because, even though he was

7

appointed by a state court pursuant to state law, he did not act on the state government's behalf; he was the state government's adversary.

In summary, the Court concludes Plaintiff has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983 on this claim. Assistant Public Defender Murchison did not act under color of state law, and, therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983.

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of state authority, his claims against counsel lacks an arguable basis in law and will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e).

### C.     Judge Rebecca Stern

Plaintiff has failed to identify in what capacity he has sued State Criminal Court Judge Rebecca Stern ("Judge Stern"). The complaint does not indicate whether she is being sued in her official capacity, individual capacity, or both.

#### 1.     *Official Capacity*

Because Plaintiff failed to identify in what capacity he has sued State Criminal Court Judge Stern, she is presumptively sued in her official capacity. *See Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). "The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, *criminal courts*, common law and chancery courts, chancery courts, courts of appeals, and the supreme court, and other courts created by law." Tenn. Code Ann. § 16-1-101 (emphasis added). Therefore, under Tennessee law, Judge Stern, in

her capacity as a Criminal Court Judge, is an employee of the State of Tennessee. Because the Supreme Court of the United States has held that state employees sued in their official capacity are not "persons" within the meaning of § 1983, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), to the extent Plaintiff is suing Judge Stern in her official capacity under § 1983, those claims will be **DISMISSED WITH PREJUDICE** for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Although it appears Plaintiff only sued Judge Stern in her official capacity, construing the *pro se* complaint liberally, as the Court is required to do, to the extent Plaintiff is attempting to sue Judge Stern in her individual capacity, the Judge is entitled to judicial immunity as explained below.

2. *Individual Capacity*

Plaintiff claims State Court Judge Stern made "threats . . . in court" and attempted to coerce him to sign "away [his] legal rights." (Court File No. 2). Assuming for the sake of discussion that Plaintiff has stated a constitutional violation, the Court concludes Judge Stern is entitled to judicial immunity because the allegations against her are based on judicial acts that occurred during Plaintiff's state criminal proceedings.

Under the doctrine of judicial immunity, Judge Stern has absolute immunity from suit both from money damages and injunctive relief for her judicial acts. *Bradley v. Fisher*, 80 U.S. 335 (1871) (judicial officials are exempt from civil action for judicial acts); *see also Butz v. Economou*, 438 U.S. 478 (1978) *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980).

Judicial immunity is an immunity from suit, not just immunity from the assessment of money

9

damages. *Mireles*, 502 U.S. at 11. Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978).

Judge Stern did not act in "clear absence of all jurisdiction." *Id.* at 357 (internal punctuation and citation omitted). Plaintiff complains about Judge Stern's conduct during his state criminal proceedings, i.e. actions taken in her judicial capacity as the presiding judge in Plaintiff's underlying state criminal case. Therefore, neither of these exceptions to judicial immunity is applicable because the alleged acts of Judge Stern in Plaintiff's criminal case were judicial acts taken in the course of her judicial capacity and were not committed in the complete absence of all jurisdiction.

In sum, presiding over criminal proceedings–whether it is a trial, plea hearing, or sentencing–is within the scope of Judge Stern's jurisdiction and is judicial in nature. There is no allegation, nor does the Court find anything in the record to show that Judge Stern acted in the clear absence of jurisdiction. Therefore, Judge Stern is absolutely immune from this civil suit. Since Judge Stern apparently accepted Plaintiff's guilty plea, any alleged claim arising from the exercise of that judicial function is barred by absolute immunity from suit under § 1983. Plaintiff's complaint against Judge Stern fails to state a claim upon which relief may be granted. Accordingly,

Plaintiff's complaint against Judge Stern must be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## V. CONCLUSION

In light of the above analysis and law, Plaintiff's complaint shall be **DISMISSED WITH PREJUDICE** in its entirety, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), as to all claims against Judge Stern and Public Defender Murchison for failure to state a claim upon which relief may be granted (Court File No. 2). Had Plaintiff stated arguable § 1983 claims, the court would have allowed him to amend his complaint, but since the noted deficiencies are not remediable by amendment, it would be futile to have allowed him to do so. *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

Further, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART and DENIED IN PART** (Court File No. 1). A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety and directing the Clerk to close the file in this case (Court File No. 2).

An appropriate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**